UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRONTRUNNER HC, INC.,<br>*Plaintiff,*<br>v.<br>DEAN PALUCH, JORDON LEVITT and ANTHONY ALTIERI,<br>*Defendants.* | Civil Action No. 1:20-cv-10230-DJC |

**DEFENDANT ANTHONY ALTIERI'S MEMORANDUM IN OPPOSITION TO FRONTRUNNER HC, INC.'S MOTION FOR CONTEMPT AND TO REOPEN DISCOVERY**

Anthony "Tony" Altieri ("Mr. Altieri"), by and through counsel, sets forth his objections and opposition to Plaintiff FrontRunner HC, Inc.'s (the "Plaintiff" or "FrontRunner") Motion for Contempt and to Reopen Discovery (**solely as to him**), on the grounds that the Plaintiff has set forth no allegations or basis to require Mr. Altieri to reappear in this Court and litigate matters that have already been completely resolved (**as to him**). In support of his Opposition, Defendant Altieri submits his Declaration, filed herewith (the "Altieri Dec.").

Plaintiff FrontRunner, alleges that the Defendants, collectively, have acted in a manner that show a violation and disregard for this Court's instructions to not use FrontRunner's confidential information and to destroy the FrontRunner materials that they had in their possession. Their argument is based upon the review of a Waveland RCM, LLC and Waveland Technologies, LLC (together, "Wave") document that FrontRunner's President, John Donnelly, saw and allegedly appears similar to a document FrontRunner uses. Even if the Wave document is a verbatim copy of the FrontRunner document, FrontRunner cannot place the blame for the

creation or use of the Wave document upon Mr. Altieri. To be found in contempt of Court, "there must be an allegation that in contempt of court, the defendant has disobeyed the order." *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441 (1911). There are no allegations that Mr. Altieri personally violated this Court's order. As Mr. Altieri's affidavit clearly shows, any confidential information that may have been in his possession on his thumb-drive was proven in the original case not to have been copied or downloaded into his personal or any Wave computer. Altieri Dec. ¶¶ 4, 5. In that Mr. Altieri was merely an employee of Wave and was never an officer, director or shareholder of Wave, he clearly did not have any authority to create forms, collate lists of customers or potential customers, and had no input into Wave product performance or capabilities. *Id.* ¶ 6.

Mr. Altieri followed, to the best of his ability, this Court's order not to use and to destroy any FrontRunner confidential information. *Id.* ¶ 10. He destroyed the thumb-drive and did not permit any third party except his legal counsel to view or possess the thumb-drive, and the thumb-drive was destroyed immediately at the conclusion of this case. *Id.* ¶¶ 4, 5. A person may not be found in contempt of Court when they fully complied with the orders of the Court. If the other persons in this case or Wave as a company violated the Court's order, it is beyond the capacity of Mr. Altieri to have prevented such conduct. Again, he was not an officer, director, or shareholder of Wave and was always subordinate to Defendants Dean Paluch and Jordan Levitt.[1]

Because of Mr. Altieri's position, he left employment with Wave and formed a new company, which is in an industry completely different than FrontRunner and Wave, and cannot violate any of this Court's orders.

[1] Mr. Altieri will not object to Plaintiff or Defendants taking his deposition in Canton, Ohio if any of the other parties believe such would be necessary concerning matters of this case. Mr. Altieri makes no representations as to what he can say in response to questions.

Accordingly, as to Mr. Altieri only, he asks for the above-stated reasons that he not be unduly and wrongly burdened by this Court, and asks that this Court deny the Plaintiff's motion to reopen discovery and not find him in contempt of Court.

Respectfully submitted,

ANTHONY ALTIERI,

By his attorneys,

*/s/ Douglas E. Curtis*

Douglas E. Curtis, Esq. (Ohio #0037737)
*(admitted pro hac vice)*
P.O. Box 21075
Columbus, Ohio 43221
614-560-1852
dougcurtislaw@gmail.com

Meredith Wilson Doty (BBO # 652220)
Rose Law Partners LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
mwd@rose-law.net

**CERTIFICATE OF SERVICE**

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/ Meredith Wilson Doty*
Meredith Wilson Doty

Date: July 30, 2025